**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4066

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MIGUEL PINEDA-SALAS, a/k/a Gerardo Iruegas,
a/k/a Miguel Angel-Salas, a/k/a Fidencio
Damian-Alcayo,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (1:05-cr-00151-FWB-1)

Submitted: February 26, 2007       Decided: April 2, 2007

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Clifton Thomas Barrett,
Angela Hewlett Miller, Assistant United States Attorneys,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Pineda-Salas appeals the district court's order sentencing him to 198 months' imprisonment following his guilty plea to a single count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (2000). Pineda-Salas's attorney has filed a brief in accordance with Anders v. California, 396 U.S. 738 (1967), stating that she finds no meritorious grounds for appeal, but questioning the validity of Pineda-Salas's guilty plea, the effectiveness of his counsel, and the reasonableness of his sentence. The Government did not file an answering brief. Although informed of his right to file a supplemental brief, Pineda-Salas did not file a brief. We have reviewed the record and, finding no reversible error, affirm Pineda-Salas's conviction and sentence.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Pineda-Salas's guilty plea. Because Pineda-Salas did not move to withdraw his guilty plea, we review any challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We find no plain error in the district court's acceptance of Pineda-Salas's guilty plea.

Pineda-Salas also argues that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are not cognizible on direct appeal unless the record conclusively

- 2 -

establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  To allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000).  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  An exception exists where the record conclusively shows ineffective assistance.  Id.  Here, the record on its face does not conclusively demonstrate ineffective assistance of counsel.

Pineda-Salas also contests the reasonableness of his sentence.  A sentence imposed in a system of advisory sentencing guidelines must be "within the statutorily prescribed range and . . . . reasonable."  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (internal citation omitted).  A sentence imposed within a correctly calculated guideline range is presumptively reasonable.  United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

We find Pineda-Salas's sentence of 198 months' imprisonment was reasonable because it "was selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law."  Green, 436 F.3d at 457.  Accordingly, because the sentence was within the advisory guideline range and was determined

- 3 -

according to a reasoned process, the challenge to its reasonableness fails.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pineda-Salas's conviction and sentence. This court requires that counsel inform Pineda-Salas, in writing, of the right to petition the Supreme Court of the United States for further review. If Pineda-Salas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pineda-Salas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>